The opinion of‘the Court was delivered by
WITHERS, J.
■ The plaintiffs, as husband and wife, brought their action on the case for the obstruction of a right of way declared appurtenant to the wife’s freehold by a decree of the Court ’of Equity; in a case for partition. The wife died pending.the action, her death was suggested on the record; the plaintiff,. Jefcoat, was allowed to proceed as surviving on the record, and .to recover for all damages arising from the tortious.act.up to the death of the wife, and one-third of the same arising since her death, according to his .interest in her realty under the Act for distributions of 1791.
• The grounds of appeal arise out of this state of facts, and such’ ruling upon the Circuit.
1. Did the action abate by the death of the wife ?
If the action had been to try title and for damages on account of a trespass upon the wife’s freehold, the death of the wife, pendente lite, would not have worked an abatement, according to the course of our decisions, ■ but the husband, would have the right to proceed and recover damages according to the standard prescribed on the Circuit .for this case. Syme and wife vs. Sanders and others, 2 Strob. 332. This rule is derived from our doctrine that one tenant in common may sustain an action of trespass to try title without fear of plea in abatement or nonsuit for nonjoinder of others, and *655 from the operation of our statute of distributions, which makes the. husband a distributee together with the children of the wife, both as to realty and personalty. ■ It is fruitless, therefore, to inquire into the reasons of a contrary rule, arising from the doctrine of primogeniture in England, or any rule that may exist there requiring the joinder of tenants in common or joint tenants. The only question is, whether an action on the case for disturbing the enjoyment of an easement appurtenant to the wife’s freehold, stands upon the rules affirmed in Syme and wife vs. Sanders and others.
It is evident that the destruction of this right of way, or its injury, was a damage to the wife’s, freehold, at the same time that it worked an injury to the usufruct.of the husband in that freehold estate. For damages to the real property of the wife, or for a wrong which prevents, the exercise of a right by husband and wife, they may join, stating the interest of the wife in the declaration; or the husband may sue alone. Yide Com.- Dig., Baron & Femme, Y. & X., where various instances exhibiting this doctrine are put. “ If a femme sole hath a right of common for life, and she takes husband, and he is hindered in taking the common, he may have an action alone without his wife, it being only to recover damages.”— Bacon, Baron & Femme, K. “If a femme sole is possessed for years of a close, to which time out of mind there hath been a way'through the close of J. S. next adjoining, and J. ¡3. erects a building ex transverso vise predicts, so that she cannot use the said way, and after she marries, the baron and femme may join in an action for the stoppage during the coverture, declaring that after the coverture they could not use the said way, etc.; because the wrong was done to the femme, and the baron had the close in her right.” — lb. For this, abundant authority is cited. Wherefore we see that the husband, -in this case, might have alone sued for damage, to such right as was exclusively his, or he may have joined his wife for such damage as was done to them both; which places *656 tbe case precisely on the footing of that of Syme and wife vs. Sanders and others, and settles the questions as to abatement and the standard of damages against the defendants, and in accordance with the judgment pronounced on Circuit.
The only other question is that arising out of the complaint that the damages are excessive.
The damages found for the plaintiff were $600. The sum seems very large when we advert to the evidence of any actual loss by Jefcoat. But punitive damages may be given in such an action as this— Windham vs. Rhame, 11 Rich. 283 — and we cannot say that there was no evidence to maintain the finding of such in this instance. Unfortunately, as we think, the jury and this Court have knowledge of too litigious a habit indulged by parties to this cause and their connections in relation to real estate, and the enjoyment of it, situate on Pond Branch, the locus in quo as to the present litigation. Many alternate victories and defeats, in the civil and criminal jurisdictions, have attended the fortune of what seems to be contests between families represented by these parties in this instance. Each claims rights, slricla juris, and that rule of decision not having been violated on the Circuit, the result there must stand unreversed, and the motions here fail, and it is adjudged accordingly.
O’Neall, Wardlaw, Whitíter, and' Glover, JJ., concurred.

Motion refused.